RECEIVED
IN LAKE CHARLES, LA
JUL 13 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN RE CAMERON PARISH RITA LITIGATION AGAINST STATE FARM | : | DOCKET NO. 2:07-MD-01 |
| | : | JUDGE MINALDI |
| | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court are Motions for Partial Summary Judgment filed by the plaintiffs regarding the Inapplicability of NFIP Offset [doc. 5], the Invalidity of Anti-Concurrent Clause [doc. 7], and the Application of the Valued Policy Law [doc. 8] in the consolidated Cameron Parish cases against State Farm Fire and Casualty Company ("State Farm"). State Farm filed replies to the motions, to which the plaintiffs filed sur-replies. Oral arguments were heard on June 22, 2007 and the matter was taken under advisement.

### BACKGROUND

For the purposes of the instant motions, the following facts are assumed. The plaintiffs in this matter are all residents of Cameron Parish who purchased homeowners insurance from State Farm and sustained a total loss of their homes when Hurricane Rita made landfall on September 24, 2005. The plaintiffs filed timely claims with State Farm and provided adequate proof of loss. Under the policies at issue, flood is an excluded peril, but wind and wind-driven rain are covered perils.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[1] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. *See Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. FED.R.CIV.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.

---

[1] A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*; *see also Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

*Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. FED.R.CIV.P. 56(e); *see also Topalian,* 954 F.2d at 1131.

## ANALYSIS

### I. Inapplicability of NFIP Offset [doc. 5]

In addition to having purchased homeowners policies from State Farm, the plaintiffs bringing the instant motion also purchased flood insurance through the National Flood Insurance Program (NFIP). In all cases, the plaintiffs received the limits of their NFIP policy.

The National Flood Insurance Act of 1968 established a national flood insurance program that enables property owners to purchase insurance against flood risks at reasonable rates. *See Hanover Bldg. Materials, Inc. v. Guiffrida,* 748 F.2d 1011, 1012 (5th Cir. 1984). Administration of the program is entrusted to the Federal Emergency Management Agency (FEMA). *Id.* Flood insurance policies can be issued directly by FEMA or through private insurers known as "Write Your Own" (WYO) companies. *See* 44 C.F.R. § 62.23. By statute, these companies are fiscal agents of the United States. *See Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir. 1998) (citing 42 U.S.C. § 4071).

WYO companies sell and market Standard Flood Insurance Policies (SFIPs) and arrange for adjustment, settlement, payment, and defense of all claims arising from the flood insurance policies they sell under the NFIP. 44 C.F.R. § 62.23(d). The terms and conditions of all federal flood insurance policies are fixed by FEMA. 44 C.F.R. §§ 61.4(b), 61.13(d). Policies must be issued in the form of a SFIPs and no provision of the policy can be altered, varied, or waived without the

express written consent of the Federal Insurance Administrator. *Id.*

The plaintiffs have filed the instant motion to prevent State Farm from asserting that, if coverage is owed under a homeowners policy, recovery should be reduced by the amount of NFIP proceeds already received. The plaintiffs argue that such an "NFIP offset" amounts to a "corporate subsidy" to State Farm by the federal government. On the contrary, State Farm contends that the purpose of property insurance is indemnification– e.g., restoring the insured to the position he occupied prior the loss. If the court does not permit a set-off for NFIP benefits, State Farm argues that the plaintiffs would obtain double recovery.

The issue of an NFIP offset has been considered by a number of courts throughout the Gulf South in the wake of Hurricanes Rita and Katrina. The wind versus water scenario in Cameron Parish, however, is more factually similar to the Katrina cases arising on the coast of Mississippi than those resulting from the canal breaches in New Orleans. As such, the decisions of Judge Senter in the Southern District of Mississippi are particularly instructive.

In *Tejador v. State Farm Fire and Casualty Co.*, No. 1:05cv679, 2006 WL 3257526 (S.D.Miss. Nov. 6, 2006), Judge Senter held:

> [T]he Plaintiff's actual loss is the maximum recovery he may receive from all applicable policies of insurance for both his dwelling and personal property. Insurance contracts insure only against covered losses, and it is a basic proposition that "[i]nsurance law is based on the principle of indemnification and is aimed at reimbursement. The benefit derived from insurance should be no greater in value than the loss." These well-established principles of indemnity and insurable interests apply to all insurance claims under policies *that are not "valued policies."*

*Id.* at *2 (internal citations omitted) (emphasis added). In two subsequent decisions, Judge Senter reaffirmed that the principle of indemnification does not apply to valued policies.[2] *See*

---

[2] It is undisputed that the State Farm policies at issue in this case are valued policies.

4

*SIMA/Signature Lake, L.P. v. Certain Underwriters at Lloyds London*, No. 06cv186, 2006 WL 3538862, *2 (S.D.Miss. Dec. 7, 2006 ); *Glover v. Nationwide Mut. Fire Ins. Co.*, No. 06cv85, 2006 WL 3780858, *1 (S.D.Miss. Dec. 21, 2006).

Judge Senter's position is supported by Louisiana's Valued Policy Law (VPL), LA.R.S. 22:695. The VPL provides, in pertinent part:

> Under any fire insurance policy insuring inanimate, immovable property in this state, if the insurer places a valuation upon the covered property and uses such valuation for purposes of determining the premium charge to be made under the policy, in the case of total loss the insurer shall compute and indemnify or compensate any covered loss of, or damage to, such property which occurs during the term of the policy at such valuation *without deduction or offset*, unless a different method is to be used in the computation of loss... .

LA.R.S. 22:695(A) (emphasis added). The VPL very clearly states that, in the case of a total loss, the insurer is bound to indemnify the insured for any covered loss without deduction or offset.

Furthermore, it is well-established that an "insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the [Louisiana] Civil Code." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994). Article 1985 of the Civil Code states, "Contracts may produce effects for third parties only when provided by law." LA. C.C. ART. 1985. Comment (b) to article 1985 explains, "Because of the ever-increasing importance of third party-beneficiary contracts, this Article provides that contracts bind only the parties *unless they have lawfully stipulated otherwise*." LA. C.C. ART. 1985, cmt. b (emphasis added).

In this case, the plaintiffs entered into two, distinct contracts– the homeowners policy and the NFIP policy. The plaintiffs paid premiums under both policies in exchange for separate coverages. Accordingly, State Farm obligated itself to indemnify the plaintiffs for any covered

losses under the homeowners policy, while the WYO companies, as agents of the federal government, obligated themselves to pay for flood losses. In the absence of an express stipulation, this case presents no occasion for State Farm to benefit as a third party to the NFIP policy.

State Farm is therefore obligated to pay for losses which are attributable to wind damage irrespective of other policies or coverages. Of course, whether the plaintiffs are entitled to additional (or any) benefits under the State Farm policy is a question of fact which depends upon, among other factors, the apportionment of loss due to wind, the value of the home, and the extent of wind coverage already paid.

The plaintiffs will not be estopped from making a claim against their homeowners policy. However, where the flood insurer has settled an insured's claim by paying policy limits, the insured may be estopped from recharacterizing, as wind damage, losses for which he has accepted flood insurance compensation. *See SIMA/Signature*, 2006 WL 3538862, at *3.

Accordingly, the plaintiffs' motion for partial summary judgment on the inapplicability of the NFIP offset will be granted. Payments already made under the NFIP for flood damage shall have no bearing on the plaintiffs' recovery for segregable wind damage under the State Farm policy.

## II. Invalidity of Anti-Concurrent Cause Clause [doc. 7]

The plaintiffs seek summary judgment on the invalidity of the anti-concurrent cause clause (ACC) contained in the State Farm policies. In essence, the plaintiffs argue that State Farm should not be permitted to avoid liability for damage caused by a covered peril by asserting that the ACC excludes coverage for a loss caused concurrently by a covered (wind) and an excluded (water) peril. State Farm argues that "the water damage exclusion and the lead-in language preceding it [the ACC] plainly and unambiguously state that coverage is not provided for any loss which would not have

occurred in the absence of flood, surface water, waves, etc., whether driven by wind or not."

The clause at issue states:

We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of [the enumerated, uninsured perils] [.]

As noted above, the terms of an insurance policy are to be interpreted according to the general rules of contract interpretation. *See Louisiana Ins. Guar. Ass'n*, 630 So.2d at 763. "An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." *Id.* Ambiguity in an insurance policy must be resolved by construing the policy as a whole. *See id.* (citing LA. C.C. ART. 2050).

If after applying the other general rules of construction an ambiguity remains, the ambiguous contractual provision is to be construed against the drafter and in favor of the insured. *See id.* at 764. "When the ambiguity relates to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of coverage." *Credeur v. Luke*, 368 So.2d 1030, 1032 (La. 1979) (citing *Craft v. Trahan*, 351 So.2d 277 (La.App. 3rd Cir. 1977)).

The parties do not dispute that the State Farm policy insures for loss due to wind. It is also undisputed that the policy excludes loss caused by water. Thus, to the extent that ACC purportedly excludes coverage for wind when it acts "concurrently or in any sequence" with water, the ACC clause is ambiguous. "Simply stated, coverage can not be provided by the right hand and then be

7

excluded by the left hand. A policy can not in one instance declare there is express coverage and in a second provision declare effectually there is not coverage." *Seals v. Morris*, 423 So.2d 652, 656 (La.App. 1st Cir. 1982). Accordingly, the ACC clause will be construed against State Farm and in favor of coverage.

By construing the ACC as such, the plaintiffs will be afforded coverage where they can prove that damage resulted from wind, regardless of whether there was concurrent or subsequent water damage. Where the damage would not have occurred but for water (and water alone), there is no coverage. This result represents the best intentions of the parties– the plaintiffs receive the coverage they paid for and State Farm does not have to pay for damage caused by a clearly excluded peril. *See, e.g., Louisiana Ins. Guar. Ass'n*, 630 So.2d at 763 ("The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent.") (citing LA. C.C. ART. 2045). Again, the extent of damage that can be attributed to windstorm is a question of fact for a jury.

Accordingly, the plaintiffs' motion for partial summary judgment will be granted as to the invalidity of anti-concurrent cause clause.

### III. Application of the Valued Policy Law [doc. 8]

By the instant motion, the plaintiffs argue that the Valued Policy Law (VPL), LA.R.S. 22:695, mandates that State Farm pay the full face value of the policy if there was a total loss and a covered peril (i.e. wind) *contributed* to the loss. State Farm argues that the VPL only requires insurers to pay the full face value of the property when there is a total loss and that loss *results solely from* a covered peril. The parties' positions in the instant case are, for all practical purposes, identical to those taken by the parties in *Chauvin v. State Farm Fire and Casualty Company*, 450 F.Supp.2d 660 (E.D.La. 2006).

8

In brief, *Chauvin* held that Louisiana's VPL does not apply when a total loss is not caused in whole by a covered peril (or perils). To hold otherwise, the court reasoned, would effectively expand coverage to excluded perils.

The same result was reached in *Turk v. La. Citizens Prop. Ins. Corp.*, No. 06-0144, 2006 WL 1635677 (W.D.La. Jun. 7, 2006) (Haik, C.J.), and *Richard v. State Farm*, 06-1134, 2006 WL 3499901 (W.D.La. Dec. 4, 2006) (Melançon, J.). The court in *Richard* held:

> In the event that the loss was caused in whole or in part by a non-covered peril, rather than in whole by a covered peril, the Court does not read the LVPL to require insurers to pay the full value of the policy limit. Rather, the Court agrees with the court in *Turk v. Louisiana Citizens Property Ins. Corp.*, ... that in such a case, the insurer would be responsible for paying only for the percentage of loss which is attributable to the covered peril.

*Id.* at *4.

The court agrees with the well-reasoned decisions cited above. The VPL will not be read so as to expand coverage to excluded perils for which the plaintiffs did not pay premiums. State Farm will be responsible only for the percentage of loss which is attributable to a covered peril.

Accordingly, the plaintiffs' motion for partial summary judgment on the application of the Valued Policy Law will be denied.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motions for partial summary judgment on the inapplicability of the NFIP offset [doc. 5] and the invalidity of anti-concurrent cause clause [doc. 7] will be granted. The plaintiffs will not be estopped from making a claim against their homeowners policy, despite having already made claims for flood damage under the NFIP. However, as noted, issues such as apportionment of loss due to wind, the value of the plaintiff's home, and the extent

of wind coverage already paid are questions of fact for a jury to decide. Finally, the motion for partial summary judgment on the application of the Valued Policy Law [doc. 8] will be denied.

Lake Charles, Louisiana, this 13 day of July, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE